RECEIPT # 65126
AMOUNT $ 250
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 6-23-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| SUSAN L. ZEIGLER,<br>    Plaintiff, | )<br>)<br>)   Docket No: |
| vs. | )<br>) |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>    Defendant. | )<br>)   05-11320 NG<br>) |

MAGISTRATE JUDGE Collings

**PLAINTIFF'S COMPLAINT**

NOW COMES Susan L. Zeigler, by and through her attorneys PHILLIPS & GARCIA, LLP and brings this cause of action pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 alleging as follows:

**THE PARTIES**

1. Plaintiff, Susan L. Zeigler ("Zeigler") is an individual residing at 10 Avenue A, Riverside, Rhode Island.

2. Defendant, Hartford Life and Accident Insurance Company ("Hartford") is a corporate entity with a principal place of business located at 200 Hopmeadow Street, Simsbury, CT 06089. Hartford is an insurance and financial services company that provided administration services of an employee benefits plan for Zeigler's employer, Wal-Mart Stores, Inc.

**JURISDICTION AND VENUE**

3. The present action is one brought under the Employee Retirement Income Security Act of

1974 ("ERISA"). This Court has subject matter jurisdiction over this action pursuant to § 502 (e)(1) of the ERISA, 29 USC § 1132(e)(1) and 28 USC § 1331.

4. Venue is proper in this judicial district pursuant to § 502(e)(2) of the ERISA, 29 USC §1332(e)(2), and 28 USC. §§ 1391(b)(1), (b)(2) and (c) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial District, and because the Hartford transacts business in this District and is subject to its personal jurisdiction.

### FACTS GIVING RISE TO THE COMPLAINT

5. At all times material herein Zeigler was an active, full-time hourly employee of Wal-Mart Stores, Inc. ("Wal-Mart") since November, 1994. Wal-Mart operates a national chain of discount retail stores. Zeigler worked at the Wal-Mart retail store at 1180 Fall River Avenue in Seekonk, Massachusetts, Store #2184. Zeigler was employed as an hourly associate receiving shipments at the store.

6. While working for Wal-Mart, Zeigler worked at least 40 hours per week in the usual course of Wal-Mart's business. At all times material herein, Zeigler was actively at work for Wal-Mart because she performed, in the usual way, all of the regular duties of her job on a full-time basis.

7. At all times material herein, Wal-Mart provided its employees, including Zeigler, an employee benefit plan called the Wal-Mart Stores, Inc. Associates Health and Welfare Plan (the "Plan"), Plan Number 71-0415188-501.

8. Under the Plan, Wal-Mart provided long term income protection to eligible employees upon disability from a covered accident, sickness or pregnancy ("Long Term Disability" or "LTD"). Under the terms of the Plan, Wal-Mart was responsible to pay LTD benefits

of 60% of an eligible employee's average monthly wage less any other income benefits such as Workers' Compensation and/or Social Security Benefits.

9. On or about December 16, 1996, and continuing, Zeigler was an eligible employee entitled to the benefits under the Plan and was a "beneficiary" as that term is defined in ERISA § 3(8).

10. At all times material herein, LTD claims were administered by Hartford. As administrator, Hartford was delegated the right to make determinations concerning the LTD benefits payable according to the terms and conditions of the Plan.

11. On December 14, 1996, Zeigler, while in the course of her employment, was injured when a box fell approximately 20 to 25 feet from a shelf landing on her. Subsequently, Zeigler received extensive medical treatment, including surgery, for thoracic outlet syndrome.

12. In addition to the injuries suffered in the December 14, 1996 accident, Zeigler had been suffering and continues to suffer from panic attacks and agoraphobia.

13. The combination of the medical conditions referred to in the preceding paragraphs left Zeigler totally disabled and unable to perform her regular duties at work. Zeigler has been found to be totally disabled by her physicians. Zeigler remains totally disabled.

14. In November 1999, and in accordance with the reporting requirements of the Plan, Zeigler filed a claim for LTD with Hartford and requested payment of LTD benefits. Zeigler (or someone acting on her behalf) provided medical information to Hartford.

15. Since November 1999, Zeigler, or someone acting on her behalf, contacted the Hartford and requested that Hartford notify Zeigler of its determination of her LTD claim.

16. Despite Zeigler's requests, the Hartford did not respond to Zeigler's claim.

17. Subsequently, Zeigler filed an action in this District Court to enforce her rights under the ERISA. That action was dismissed without prejudice by agreement of the parties, and the Hartford considered and reviewed Zeigler's claim.

18. Ultimately, in a May 21, 2004 letter to Zeigler, the Hartford approved Zeigler's claim for a closed, one year period of June 28, 1997 through June 27, 1998. In this letter, however, the Hartford denied her claim for LTD benefits beyond June 27, 1998.

19. Pursuant to the ERISA, Zeigler then administratively appealed this decision to the Hartford and has exhausted all administrative remedies available under the Plan.

20. In an April 7, 2005 letter, the Hartford denied Zeigler's appeal and again determined that Zeigler was not disabled and entitled to LTD benefits.

## COUNT I

21. Zeigler repeats and reavers the allegations contained in the preceding paragraphs of this Complaint.

22. At all times, Zeigler was a "beneficiary" under the Plan as that term is defined in ERISA § 3(8) and was entitled to the payment of long term disability benefits as defined under the Plan.

23. At all times after January 1, 1997, Zeigler was totally disabled from work because she was prevented from performing the essential duties of her occupation due to sickness, all as defined under the terms of the Plan. Zeigler remains totally disabled and is unable to perform the essential duties of any occupation for which she may be qualified by training, education or experience.

24. At all times material herein, Hartford, acting on behalf of Wal-Mart, has wrongfully denied benefits under the Plan to Zeigler in violation of § 502(a)(1)(B) of the ERISA. Hartford continues to wrongfully deny the long term disability benefits to which Zeigler is entitled.

25. As a result of Hartford's wrongful denial of benefits, Zeigler has suffered damages and is rightfully entitled to those benefits.

WHEREFORE, Zeigler prays for the following relief:

a) that the Court award damages for the benefits to which she is entitled under the Plan and interest thereon;

b) that the Court award payment of reasonable attorneys' fees, costs and expenses associated with this litigation; and

c) that the Court award any other relief that it deems just and equitable.

Respectfully submitted
On behalf of the Plaintiff,

Andrew J. Garcia, MA BBO # 559084
Carlin J. Phillips, MA BBO# 561916
PHILLIPS, & GARCIA, LLP
13 Ventura Drive
N. Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

Dated: June 21, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan L. Zeigler

## DEFENDANTS
Hartford Life & Accident Insurance Co.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew J. Garcia, BBO # 559084
13 Ventura Dr., N.Dartmouth, MA    02747

Attorneys (If Known)
05-11320 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§ 502(a)(1)(B)
Brief description of cause:
This is an ERISA case for the denial of LTD benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: June 21, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Susan L. Zeigler vs. Hartford Life & Accident Ins. Co.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   05-11320-NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [X]   NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Andrew J. Garcia__
ADDRESS __13 Ventura Drive, N. Dartmouth, MA  02747__
TELEPHONE NO. __508-998-0800__

(CategoryForm.wpd - 5/2/05)