UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| SUSAN L. ZEIGLER<br>      Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>      Defendant. | Civil Action No. 05-11320-NG |

## ANSWER

The Defendant, Hartford Life and Accident Insurance Company ("Hartford"), hereby answers Plaintiff's Complaint as follows:

### THE PARTIES

1. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. Hartford admits that it is a corporate entity with a principal place of business located at 200 Hopmeadow Street, Simsbury, CT. Hartford admits that it is an insurance and financial services company that provided long-term disability claims administration services for Policy No. GLT-205215/24554 (the "Policy") issued by Hartford to Wal-Mart Stores, Inc.

### JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which a response is not required.

4. Paragraph 4 contains legal conclusions to which a response is not required.

### FACTS GIVING RISE TO THE COMPLAINT

5. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6.

7. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7.

8. Hartford admits that it issued a long-term disability policy to Wal-Mart for the benefit of its employees. Hartford denies the remaining allegations contained in Paragraph 8 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

9. Paragraph 9 contains legal conclusions to which a response is not required.

10. Hartford admits that it administered the LTD claims pursuant to the Policy. Hartford admits that the Policy states that, "the Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." Hartford denies the remaining allegations as stated

11. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11.

12. Hartford lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12.

13. Hartford denies the allegations contained in Paragraph 13.

14. Hartford admits that it received Plaintiff's claim in December 1999. Hartford denies that the claim was submitted in accordance with the reporting requirements of the Plan. Hartford admits that medical information was provided to Hartford.

15. Hartford denies the allegation contained in Paragraph 15.

16. Hartford denies the allegations contained in Paragraph 16.

17. Hartford admits that Plaintiff filed an action in the United States District Court for the District of Massachusetts and that the action was dismissed without prejudice by agreement of the parties. Hartford also admits that Plaintiff submitted her claim for reconsideration in January 2004 and that Hartford considered and reviewed Plaintiff's claim thereafter.

18. Hartford admits that it approved benefits for Plaintiff from June 28, 1997 through June 27, 1998 by letter dated May 21, 2004. Hartford admits that it denied Plaintiff's claim for benefits beyond June 28, 1998, by letter dated May 21, 2004. Hartford denies the remaining allegations contained in Paragraph 18 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

19. Paragraph 19 contains legal conclusions to which a response is not required.

20. Hartford admits that it denied Plaintiff's appeal in a letter dated April 7, 2005. Hartford denies the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

## COUNT I

21. Hartford realleges each of the paragraphs above as if fully set forth herein.

22. Paragraph 22 contains legal conclusions to which a response is not required, to the extent Paragraph 22 avers any facts, they are denied.

23. Hartford denies the allegations contained in Paragraph 23.

24. Hartford denies the allegations contained in Paragraph 24.

25. Hartford denies the allegations contained in Paragraph 25.

## AFFIRMATIVE DEFENSES

1. Plaintiff's cause of action is barred by the applicable statute of limitations.

2. Plaintiff failed to provide notice as required under the applicable policy of insurance.

3. Plaintiff failed to provide timely proof of claim as required under the applicable policy of insurance.

Respectfully Submitted,

Defendant Hartford Life and Accident Insurance Company,

By its attorney

CREVIER & RYAN, LLP.

*[signature]*

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO # 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
        kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing via first class mail, postage prepaid on all counsel of record on this 19th day of September 2005.

*[signature]*